UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA HARRIS, | Case No. CV 13-7618-PJW |
| Plaintiff, | |
| | MEMORANDUM OPINION AND ORDER |
| v. | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

I. INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). She claims that the Administrative Law Judge ("ALJ") erred when she found that Plaintiff was not credible. For the reasons explained below, the Court concludes that the ALJ did not err.

II. SUMMARY OF PROCEEDINGS

In February 2011, Plaintiff applied for DIB and SSI, alleging that she had been unable to work since September 2009, due to osteoarthritis and Turner's Syndrome. (Administrative Record ("AR") 98-111.) Her applications were denied initially and on reconsidera-

tion and she requested and was granted a hearing before an ALJ. (AR 51-64, 67-71, 75-91.) On June 1, 2012, she appeared with counsel and testified at the administrative hearing. (AR 19-50.) On July 27, 2012, the ALJ issued a decision denying benefits. (AR 8-15.) The ALJ found that Plaintiff's impairments--Turner's syndrome, hypothyroidism, obesity, history of cataract surgery, presbyopia, and astigmatism-- were severe but that they did not prevent her from performing her past work as a security guard. (AR 10-14.) In doing so, the ALJ rejected Plaintiff's testimony that her impairments prevented her from working. (AR 13-14.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-4.) She then commenced this action.

### III. ANALYSIS

Plaintiff testified that she could no longer work due to constant pain, particularly in her joints, caused by Turner's syndrome. (AR 30-39.) The ALJ rejected this testimony. (AR 12-14.) Plaintiff contends that she erred in doing so. For the following reasons, the Court concludes that the ALJ did not err.

ALJs are tasked with judging the credibility of the claimants. In making these credibility determinations, they may employ ordinary credibility evaluation techniques. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). But, where a claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce the symptoms alleged and there is no evidence of malingering, the ALJ can only reject the claimant's testimony for specific, clear, and convincing reasons, *id.* at 1283-84, that are supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ set out several reasons why Plaintiff's testimony was not credible. The primary reason, however, was because Plaintiff had been able to work full time for years and had only stopped working when she was laid off from her job. (AR 13.) The ALJ noted that Plaintiff had been born with Turner's syndrome and that it had not prevented her from working before she was laid off. (AR 13.) She also noted that there was no evidence in the record that Plaintiff's symptoms had changed since she was laid off and inferred that that indicated that her condition did not preclude work. (AR 13.)

This is a valid reason for questioning Plaintiff's testimony that she could no longer work. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001); *Copeland v. Bowen*, 861 F.2d 536, 542 (9th Cir. 1988). And it is particularly relevant in this case as the evidence established that Plaintiff had worked full time from 1982 until 2009 and there was no evidence in the record that her condition changed after she was laid off in 2009. (AR 116-20.)

Plaintiff disagrees. She points out that Turner's Syndrome is a progressive disease and that, though there is no evidence in the record that her condition deteriorated after she was laid off, there is also no evidence that it did not deteriorate. In her view, the ALJ erred when she assumed that Plaintiff's condition had remained stable. (Joint Stip. at 9.)

This argument is rejected. The evidence supports the ALJ's finding that Plaintiff's condition did not materially change after she was laid off. Plaintiff's argument that the absence of such evidence is not proof that it did not change is also rejected. Even assuming that that were true, it does not undermine the Agency's argument here. It was Plaintiff's burden to establish that she was disabled and by

not presenting evidence that her condition changed after she was laid off she failed to do so. *See Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) ("[T]he burden is on the claimant to establish [her] entitlement to disability insurance benefits.") (citation omitted). Thus, the ALJ did not err when she questioned Plaintiff's testimony that she could no longer work in the face of evidence establishing that her condition had not prevented her from working before the layoff and had not changed since the layoff.

The ALJ also focused on the fact that Plaintiff could cook, run errands, and shop for groceries, concluding that this suggested that she was not as impaired as she claimed. (AR 13.) The record does not support this conclusion. Plaintiff testified to very minimal activity and explained that, when she performed it, she was forced to sit down after about ten minutes of walking and/or standing. (AR 37-42.) This type of activity does not suggest that Plaintiff was being disingenuous when she testified that her condition, and the pain it caused, prevented her from working. *See, e.g., Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.").

The Court also rejects the ALJ's finding along similar lines that Plaintiff's ability to perform these activities showed that she could work because the "physical and mental capabilities requisite to performing [them] . . . replicate those necessary for obtaining and maintaining employment." (AR 13.) The ALJ failed to explain the connection between these activities and holding down a full-time job.

And the Court is unable to conjure any connection on its own. As such, this reason is rejected. *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) (holding ALJ errs when he fails to explain how ability to perform daily activities translated into the ability to perform work).

The ALJ also questioned Plaintiff's testimony because none of her doctors opined that she was disabled or even seriously limited. (AR 13.) The ALJ reasoned that, if Plaintiff was as debilitated as she claimed, her doctors would have recognized this and indicated in the medical charts that she could not work because she was disabled. (AR 13-14.)

Plaintiff takes exception to this finding. Though she recognizes that the ALJ was right, she argues that there may have been other reasons why the doctors failed to mention that she was disabled and/or failed to restrict her activities due to her limitations. (Joint Stip. at 10-11.)

The Court finds that the record supports the ALJ's finding on this ground and is a reasonable basis for questioning Plaintiff's claims of pain. Though the doctors may have had other reasons for not opining that she was disabled, or even restricted, it stands to reason that their notes would have reflected the progression of her limitations and the imposition of some restrictions on her activities over time, both at work and at home. The absence of such entries is telling.[1]

---

[1] Plaintiff complains that the ALJ improperly rejected a July 2011 note referencing an X-ray report on the ground that the X-ray was not included and, therefore, the note was hearsay. (AR 12.) The note states, in full, "X-ray only showed degenerative joint disease changes of hand and spine." (AR 407.) The Court agrees with Plaintiff's

In the end, the Court finds that two of the reasons cited by the ALJ for questioning Plaintiff's testimony are supported by the evidence and two are not. The issue that remains is whether these two reasons are enough to uphold the ALJ's credibility finding. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (holding error by ALJ in credibility determination is harmless "[s]o long as there remains substantial evidence supporting the ALJ's conclusions on . . . credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion."). Ultimately, the Court finds that they are. It is clear from the record that Plaintiff had no difficulty working prior to being laid off from her full-time job as a security guard and that her condition remained relatively constant after being laid off. In addition, the medical records, which consists almost exclusively of Plaintiff's Kaiser Permanente records (AR 162-386), and the doctors entries therein do not support her testimony that her condition is so debilitating that she cannot work. As such, the ALJ's decision to discount Plaintiff's testimony that she could not work will be upheld.

---

premise that ALJs should not reject evidence on the ground that it is hearsay because the Rules of Evidence do not apply to Social Security cases. But, even assuming that the ALJ had rejected the note on that ground and even assuming, further, that the Court were to accept the statement contained in the note, it would not change the outcome of this case or the credibility analysis.

## IV.   CONCLUSION

For these reasons, the Agency's decision is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: December 9, 2014.

*/s/ Patrick J. Walsh*

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\HARRIS, 7618\Memorandum Opinion and Order.wpd